**LITE DEPALMA GREENBERG, LLC**
Newark • Chicago

Two Gateway Center, 12th Floor
Newark, NJ 07102

Tel: 973.623.3000
Fax: 973.623.0858
www.litedepalma.com

May 20, 2011

**VIA ECF**
Honorable Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse Bldg.
One Federal Square
Newark, New Jersey 07102

      Re:    *Hoffmann-La Roche Inc.* v. *Teva Pharmaceuticals USA Inc., et al.*
            Civil Action No. 09-5283(WJM)(MF)

Dear Judge Falk:

      This firm, along with Carlson, Caspers, Vandenburgh & Lindquist, represents defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. ("Teva") in the above-captioned action. Pursuant to Local Patent Rule 3.7, we write to request leave of Court allowing Teva to amend its Invalidity Contentions in order for Teva to incorporate into those contentions information and material that Teva learned during fact discovery. Plaintiff Hoffmann-La Roche ("Roche") has consented to Teva's proposed amendments to Teva's Invalidity Contentions.

      By way of background, since Teva served its initial Invalidity Contentions on May 6, 2010, Roche has produced millions of pages of documents. Teva has reviewed these documents, and has taken ten depositions, including the depositions of the named inventors on the patent-in-suit, and other individuals involved in developing the subject matter claimed in, or involved in the prosecution of, the patent-in-suit. These depositions concluded on April 27, 2011. Also, Roche has produced, and Teva has reviewed, approximately 25 transcripts of depositions taken



Honorable Mark Falk, U.S.M.J.
May 20, 2011
Page 2 of 2

in the related case of *Hoffmann-La Roche Inc. v. Mylan Laboratories, Inc.*, Civil Action No. 09-1692 (WJM)(MF), pending before this Court.

    Good cause exists supporting the instant application because (a) Teva has only now had an opportunity to fully marshal the information and material gleaned during fact discovery necessitating this application; (b) Roche has agreed to the proposed amendments; and (c) the proposed amendments will not impact other scheduled deadlines. On these grounds, Teva seeks leave of Court to amend its Invalidity Contentions. *See, e.g.*, L. Pat. R. 3.7(b); *see also Int'l Dev., LLC v. Simon Nicholas Richmond & Adventive Ideas, LLC*, Civil Action No. 09-2495, 2010 U.S. Dist. LEXIS 106616, at *8 (D.N.J. Oct. 4, 2010) ("Rule 3.7 is not a straitjacket into which litigants are locked from the moment their contentions are served but instead, a modest degree of flexibility exists, at least near the outset.") (internal quotation marks omitted).

    In light of the foregoing, Teva respectfully requests that this Court enter Teva's proposed Order allowing Teva to amend its Invalidity Contentions, which is enclosed with this letter.

    We appreciate the Court's attention to this matter.

                                                   Respectfully,

                                                   Mayra V. Tarantino

Enclosure

cc:    All Counsel of Record (via ECF, w/encl.)

278613 v1