UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOFFMANN-LA ROCHE INC., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. AND TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | CIVIL ACTION NO. 09-5283 (WJM) (MF) |

[PROPOSED] ORDER GRANTING
AMENDED MOTION TO SEAL

This matter having been brought before the Court pursuant to Local Rules 5.3(c) and 7.1, and this Court having fully considered the Plaintiff's Declaration in Support of the motion, and any submissions in further support thereof, as well as the record before it, the Court makes the following findings:

IT IS this 20th day of June, 2011;

**THE COURT FINDS** that on May 13, 2010, a Discovery Confidentiality Order was entered in this action.

**THE COURT FURTHER FINDS** that the following materials contain information regarding and garnered from documents, and/or portions of deposition transcripts which are of such a highly sensitive nature that it is not appropriate for public disclosure pursuant to *Exergen Corp. v. Wal-Mart Stores, et al.*, 575 F.3d 1312, 1329 n.6 (Fed. Cir. 2009).

#1655317 v1
036835-67515

- **Plaintiff's Reply To Defendant Teva Pharmaceuticals USA, Inc. And Teva Pharmaceutical Industries Ltd.'s Second Amended Answer And Counterclaims:**
    - From First Affirmative Defenses, Ninth Defense, ¶ 11, ¶ 14, ¶ 23, ¶ 25 to ¶ 28, ¶ 30, ¶ 33 to ¶ 57, ¶ 59, and ¶ 63 to ¶ 71.

**THE COURT FURTHER FINDS** that this is a patent action that involves confidential information and, specifically, the materials listed above contains confidential information regarding research and development, patent applications, business strategies and practices, as well as license agreements, that the parties have a legitimate interest in protecting this information as confidential, because its competitors in the marketplace could utilize the information to gain an unfair competitive advantage to their detriment.

**THE COURT FURTHER FINDS** that the interests of the public that warrant granting this Order to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure of valuable confidential information as a condition of litigating their rights.

**THE COURT FURTHER FINDS** that the clearly defined and serious injury that would result should an Order for Sealing not be granted is that valuable research and development, business and trade secrets created at substantial expense by the parties will be lost and competitors would unjustly gain access to them. Specifically, the parties' confidential research information would be revealed to their competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and the parties' loss.

**THE COURT FURTHER FINDS** that no less restrictive alternative is available to prevent the defined and serious injury to the parties due to the fact that the parties rely on the confidential materials in support of their respective memoranda of law.

**THE COURT FURTHER FINDS** that the parties complied with the dictates set forth in Local Civil Rule 5.3(c)(2).

**THEREFORE**, for good cause shown, based on the Discovery Confidentiality Order and in order to preserve the confidentiality of the aforementioned materials;

**IT IS ORDERED** that the listed applicable portions of the materials shall be maintained under seal by the Clerk of the Court.

_____
Honorable Mark Falk, U.S.M.J.

#1655317 v1
036835-67515